UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES J. McCORMACK, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No.  06-12137-JLT |
| | * | |
| UNITED STATES, | * | |
| | * | |
| Respondent | * | |

MEMORANDUM AND ORDER

January 26, 2009

TAURO, J.

On November 27, 2006, James J. McCormack ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence [#1] ("Petition").  On August 19, 2008, this court denied Petitioner's motion.[1]  Presently at issue is Petitioner's Motion for Certificate of Appealability [#27] ("COA"), which seeks leave to appeal all of the issues raised in the Petition.  For the following reasons, Petitioner's request for a COA is DENIED.

The standard for granting a COA is well established.  Such relief should only be granted upon a "substantial showing" of a constitutional violation.[2]  The definition of what constitutes a "substantial showing" is straightforward.  Where the district court has rejected the original petition on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[3]

---

[1] Order [#22].

[2] Slack v. McDaniel, 529 U.S. 473, 483 (2000).

[3] Id. at 484.

After reviewing Petitioner's submissions, and the record, this court concludes that Petitioner fails to satisfy the abovementioned standard. Petitioner seeks a COA on the ground that the government's nondisclosure of impeachment evidence deprived him of a fair trial and, therefore, violated his right to due process under the Fifth Amendment.[4] To establish the alleged violation, Petitioner must show "(1) the evidence at issue is favorable to him because it is exculpatory or impeaching; (2) the Government suppressed the evidence; and (3) prejudice ensued from the suppression (i.e., the suppressed evidence was material to guilt or punishment)."[5] Petitioner's argument fails because he cannot establish the second and third elements.

Although the evidence at issue favors Petitioner, he has not offered any evidence to substantiate his claim that the government withheld information. Petitioner asserts that the government suppressed two pieces of information: (1) page one of a report from an agent at the Bureau of Alcohol, Tobacco and Firearms ("ATF report") allegedly containing information regarding Myers's participation in the murder of Avra Lee Ray; and (2) "statements" allegedly demonstrating Myers's intention to use the extorted funds to support the Aryan Brotherhood.[6] Petitioner did not produce a copy of the ATF report, nor did he follow up on the government's

---

[4] See Motion for Certificate of Appealability 1 [#27] ("The issues as to which petitioner seeks a certificate of appealability are: (1) whether the government's failure to disclose exculpatory evidence violated petitioner's right to due process of law, as guaranteed by the Fifth Amendment, and (2) whether the undisclosed evidence was merely cumulative of other evidence, and thus, not material."); Motion to Vacate, Set Aside, or Correct Sentence 5–6 [#1] ("The failure of the government to provide [impeachment evidence] to defendant in advance of trial denied defendant his due process rights, guaranteed by the Fifth Amendment to the United States Constitution.").

[5] Conley v. United States, 415 F.3d 183, 188 (1st Cir. 2005) (citing Brady v Maryland, 373 U.S. 83, 87 (1963)).

[6] See Motion to Vacate, Set Aside, or Correct Sentence 5-a [#1]

suggestion to contact the agent who authored those documents.[7]  Furthermore, he offered no documents or information detailing the statements about Myers's alleged promise to raise funds for the Aryan Brotherhood.[8]  Without more than mere allegations, Petitioner cannot establish that the government actually suppressed information.

Petitioner also fails to demonstrate that prejudice ensued from the alleged suppression. Evidence that is cumulative of other impeachment testimony cannot establish prejudice.[9] Because the jury was well aware of Myers's extensive criminal history,[10] new evidence suggesting Myers's involvement in other criminal activities is merely cumulative.  Moreover, significant additional evidence corroborates the testimony that Petitioner seeks to impeach. Testimony from the victim and a co-conspirator, as well as Petitioner's own recorded statements, implicate him in the crime and create a strong independent basis for conviction.[11]  Even assuming arguendo that the government suppressed impeachment evidence, this evidence is immaterial because there is not "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."[12]

Reasonable jurists would not find this issue debatable. Petitioner has not made a

---

[7] See Report and Recommendation on Motion to Vacate, Set Aside, or Correct Sentence 8 [#12] ("Report and Recommendation").

[8] See id.

[9] See Moreno-Morales v. United States, 334 F.3d 140, 148 (1st Cir. 2003); United States v. Garcia-Torres, 341 F.3d 61, 70 (1st Cir. 2003).

[10] See Report and Recommendation 9 [#12].

[11] See id. at 9–10.

[12] United States v. Dumas, 207 F.3d 11, 15 (1st Cir. 2000) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J.)).

"substantial showing" of a constitutional violation, and this court finds no basis for granting a COA in the present case. Accordingly, Petitioner's request for a COA is DENIED.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge